## SMITH v. CHILDRESS.

EVIDENCE—*Discretion of court in admission of.*—Whether or not to permit the recall of a witness, and what length after his first examination, and whether testimony is cumulative or not, are matters within the sound discretion of the court, and this court will not interfere with the exercise of that discretion, unless its exercise has been clearly to the prejudice of the party.

PAROL TESTIMONY—*When admissible.*—Parol testimony is admissible to show for what purpose, as for collection, a note was assigned, but not to vary the effect of the assignment.

INSTRUCTIONS—*When presumption in favor of.*—Where an instruction has been asked and refused, and the record states the instruction was given in a modified form, but how modified is not set forth, it will be presumed that as modified it embodied the law.

APPEAL FROM INDEPENDENCE CIRCUIT COURT.

HON. ELISHA BAXTER, *Circuit Judge.*

*U. M. Rose,* for Appellant.

The first instruction asked for by the plaintiff was precisely the law (*see Tr., p.* 60), and should have been given. *Dickinson vs. Burr,* 15 *Ark.,* 372; *Taylor vs. Coolidge,* 17 *Id.,* 457.

*A. H. Garland,* for Appellee.

*First.* The matter of permitting a witness to be recalled is within the sound discretion of the court, and will not be interfered with unless it clearly appears that discretion was abused. 1 *Greenlf. Ev.,* 467, 21 *Ark.,* 559.

*Second.* The whole case was one of fact for the jury, and being twice disposed of against the appellants, and on an instruction given by the court, this court will not disturb that finding. *Rose Dig., p.* 559 (*new Trial*), sec. 45, 18 *Ark.,* 298; *Ib.,* 396; *Ib.,* 453; 19 *Id.,* 117; *Ib.,* 559; 21 *Id.,* 306.

SEARLE, J. — Henry C. Smith brought his action before a justice of the peace, in the county of Independence, against Robert A. Childress, on a note given by the latter to Carragan and Hendsen, and by them assigned to Smith. The de-

fendant pleaded a set-off, and judgment was rendered in his favor for $17 33, from which the plaintiff appealed to the Independence Circuit Court. The cause was tried *de novo* in said Circuit Court, and judgment again rendered for defendant. The plaintiff asked for a new trial, which was refused, upon which he appealed to this court.

1st. It is alleged, as the first ground upon which the motion for a new trial is based, that the court erred in refusing to permit the plaintiff, who had once been examined and cross-examined in the case, to be re-called for the purpose of a re-examination. It may be laid down as a general rule, that it rests in the discretion of the court before whom a trial is had, whether or not to permit the re-examination of a witness after the lapse of some time since his former or first examination, or after other witnesses have been examined, and this court will not interfere with the exercise of such discretion, unless its exercise has been clearly to the prejudice of the opposite party. *People vs. Mather,* 4 *Wend.,* 229; *Burr & Co. vs. Daugherty,* 21 *Ark.,* 561. What the witness proposed to testify to, in his re-examination, is set forth in the second. A careful examination thereof, in relation to the issues being tried, convinces us that it was quite immaterial. Its refusal, therefore, was not in prejudice of the plaintiff's rights, and was no sufficient ground for a new trial.

2d. It is set forth, as the second ground of the motion for a new trial, that the court erred in refusing to permit a witness other than the plaintiff, to testify to certain facts which the plaintiff himself had testified to.

It appears that, upon the note sued on, a written assignment had been endorsed in words and figures as follows: "For value received, I assign the within note to W. P. Byers. — H. C. Smith." And that this endorsement had been erased, or an attempt had been made to erase it. The plaintiff had testified, on the trial, that he assigned and delivered the note to Byers without a consideration and for the purpose of collection merely; that he was, during all the time the note was in the

possession of Byers, the beneficial owner thereof; that Byers, failing to make the collection thereupon, returned it to him, and that he (plaintiff) made the erasure of the endorsement. Now the plaintiff proposed to introduce another witness to testify to the same facts. Upon the objection of the defendant, the court refused to permit this further testimony.

We cannot presume that this refusal was upon the ground that the testimony was inadmissible, for the testimony of the plaintiff, relating to the same facts, had been received. If the refusal *was* upon the ground of inadmissibility, the court erred, for, these facts, or testimony in relation thereto *was admissible*, not to vary the effect of the assignment, but as testimony to prove that the plaintiff had never parted with his beneficial interest in the note, by the assignment, and his right to sue thereupon, when the note came back to his possession. The refusal to permit the witness to testify to these facts, more likely, was upon the ground that such testimony was mere cumulative and therefore unnecessary. Now, though great latitude is allowed to the discretion of courts trying cases, in the introduction and examination of witnesses, yet the exercise of their discretion should never be to the prejudice of the parties. This clearly appearing, the court will interfere with and correct it. If the further testimony offered were merely cumulative and nothing more, the court might not have improperly exercised its discretion in refusing it. But it must be observed that the plaintiff alone had testified to these facts, and being a party in interest, his evidence could not have that weight with a jury that the evidence of a disinterested witness would have. The further testimony offered, as to the same facts, though cumulative in character, was not only proper; but may have been quite necessary to corroborate what the plaintiff had testified to. Its rejection, therefore, was quite clearly prejudicial to the plaintiff's rights, was erroneous, and sufficient ground for a new trial.

3d. The third ground, of the motion for a new trial, is the refusal of the court to give the instruction to the jury asked

by the plaintiff. The instruction asked to be given is as follows : "If the jury find from the evidence that the plaintiff, before the commencement of this suit, assigned and delivered the writing obligatory sued upon to William P. Byers, his agent, for the purpose of collection, and that afterwards, and before the commencement of this suit, the said William P. Byers re-delivered the said writing obligatory to the plaintiff, in such case, the plaintiff could sue in his own name, striking out the endorsement, or showing that the endorsement was merely for collection." This instruction was undoubtedly the law and should have been given. *Dickinson vs. Burr*, 15 *Ark.;* 374; *Taylor vs. Coolidge, Id.* 437. The record states that the instruction was given in a modified form. But how modified is not set forth. It must be presumed that, as modified, it embodied the law ; and the exception taken to the refusal of the court to give it in its original form, can be of no avail to the plaintiff here.

4th. The court, upon its own motion, gave the following instruction : "If the jury find, from the evidence, that the note sued on was assigned to William P. Byers or any other person, by the plaintiff, you will find for the defendant, unless you also find from the evidence that such assignment was made merely for the purpose of collection. A written assignment, when found to be ambiguous or uncertain, may be explained by parol evidence, but it cannot be changed or varied. The erasure of an assignment does not change the legal effect thereof." To the giving of this the plaintiff excepted and made it the last ground of his motion for a new trial. This instruction is, indeed, obscure and ambiguous, and was well calculated to mystify the minds of the jury and mislead them. Taking the whole together, we ourselves are unable to glean any certain meaning from it. The effect of it may have been to cause the jury to exclude from their consideration the note sued upon altogether. The giving of it, therefore, was clearly erroneous.

For the errors indicated, the judgment of the court below

is reversed and the cause remanded with instructions to try the same anew and in a manner not inconsistent with this opinion.